**Arthur HARVEY, Plaintiff,**

v.

**Anne VENEMAN, Secretary of Agriculture, Defendant.**

**No. CIV.02–216–P–H.**

United States District Court,
D. Maine.

April 1, 2004.

Marticia S. Douglas, Douglas, Denham, Buccina & Ernst Attorneys at Law, Portland, ME, Paula Dinerstein, Lobel, Novins and Lamont, Washington, D.C., for plaintiff.

Halsey B. Frand, Office of the U.S. Attorney, Portland, ME, for defendant.

## ORDER ON MOTIONS TO INTERVENE

HORNBY, District Judge.

The issue here is whether a post-judgment application to intervene is timely under Federal Rule of Civil Procedure 24 and whether I should request a remand from the Court of Appeals so that I can rule on the intervention application. I conclude that the intervention is not timely and that I should not request a remand.

## PROCEDURAL BACKGROUND

In this case a pro se litigant, Arthur Harvey, challenged regulations adopted by the United States Department of Agriculture. He filed his lawsuit on October 23, 2002. On October 10, 2003, the Magistrate Judge issued a Report and Recommended Decision on cross-motions for summary judgment. After briefing of objections to the Recommended Decision, I affirmed in part and rejected in part the recommended decision by Order dated January 7 and filed January 8, 2004. Judgment entered January 8, 2004, in favor of the Secretary of Agriculture. On February 25, 2004, lawyers entered their appearance on behalf of the previously pro se plaintiff. Between February 25, 2004 and March 5, 2004, three organizations (Organic Consumers Association; Beyond Pesticides/National Coalition Against the Misuse of Pesticides; Northeast Organic Farming Association/Massachusetts Chapter, Inc.) and three individuals (John Clark; Merrill Clark; Anne Mendenhall) sought to intervene. The same local and D.C. counsel represent them all, including the previously pro se plaintiff. On March 8, 2004, the plaintiff filed his notice of appeal from the January 8 judgment.

■ The Secretary of Agriculture resists the application to intervene. One organization, Beyond Pesticides/National Coalition Against the Misuse of Pesticides, has changed its mind and has withdrawn its application to intervene, preferring to proceed in the court of appeals as amicus curiae. The remaining would-be intervenors, uncertain of jurisdiction following the filing of Har-vey's notice of appeal, Reply Mem. at 2–3, suggest that I request a remand from the court of appeals, following the procedure of *Jusino v. Zayas,* 875 F.2d 986 (1st Cir.1989), so that I can rule on their application. I decline to do so. Federal Rules of Civil Procedure 24(a) and (b) both require that an intervention application be "timely." This one is not. "If the motion was not timely, there is no need for the court to address the other factors that enter into an intervention analysis." *Associated Builders & Contractors, Inc. v. Herman,* 166 F.3d 1248, 1257 (D.D.C.1999).

## ANALYSIS

■ Generally, postjudgment applications to intervene are disfavored. *Associated Builders,* 166 F.3d at 1257 ("A motion for 'intervention after judgment will usually be denied where a clear opportunity for prejudgment intervention was not taken.'") (citation omitted); *Banco Popular de Puerto Rico v. Greenblatt,* 964 F.2d 1227, 1231 (1st Cir.1992) ("[C]ourts have historically viewed post-judgment intervention with a jaundiced eye in situations where the applicant had a reasonable basis for knowing, before final judgment, that its interest was at risk"). The rule is not absolute, however. *Public Citizen v. Liggett Group Inc.,* 858 F.2d 775, 784 (1st Cir.1988)("not altogether rare"); *Fiandaca v. Cunningham,* 827 F.2d 825, 833 (1st Cir.1987).

In deciding whether an application is timely, the First Circuit caselaw directs me to consider the following: (1) how long the applicant knew or reasonably should have known that its interests were imperiled; (2) foreseeable prejudice to the applicant if intervention is denied; (3) foreseeable prejudice to the parties if intervention is allowed; and (4) any exceptional circumstances. *Banco Popular de Puerto Rico,* 964 F.2d at 1231.

Treating the factors in reverse order, I find first that there are no exceptional circumstances.

■ Second, the prejudice to the applicants in denying intervention seems minimal. They are not parties, and therefore collateral estoppel does not stop them from litigating

the issues (here, the validity of certain USDA regulations) on their own. There may be some stare decisis effect from an appellate decision in this case, although in a succeeding lawsuit these nonparties could seek to minimize the effect of any precedent by the same arguments they make here about Harvey's ability to proceed pro se.[1] Indeed, if I permit them to become parties, they will be bound by whatever waivers or concessions pro se litigant Harvey may already have committed in the trial court, and res judicata may prevent them in the future from raising all issues raised or that could have been raised, *Bay State HMO Mgmt., Inc. v. Tingley Sys.*, 181 F.3d 174, 177 (1st Cir.1999), unlike the situation if they remain nonparties.

Third, I do not see any prejudice to the current parties in allowing intervention. This case was decided on summary judgment, and was not the product of a negotiated settlement or consent decree. *See Banco Popular de Puerto Rico*, 964 F.2d at 1232; *Culbreath v. Dukakis*, 630 F.2d 15, 22 (1st Cir.1980). Having more parties appeal my decision is attractive to the plaintiff but does not harm the Secretary.

▮▮▮ Fourth, the would-be intervenors admit that they "were aware shortly before this suit was filed in October, 2002, that Harvey was going to file a suit challenging some of the USDA regulations." Mot. to Intervene at 3 (Docket item 61). They did nothing to follow up on this knowledge. They state that they "were unaware of the specifics of the suit, and of its progress, until they were contacted by Harvey after the order and judgment of January 8, 2004." *Id.* "[I]t is not the simple fact of knowing that a litigation exists that triggers the obligation to file a timely application for intervention. Rather, the appropriate inquiry is when the intervenor became aware that its interest in the case would no longer be adequately protected by the parties." *Public Citizen v. Liggett Group Inc.*, 858 F.2d 775, 785 (1st Cir.1988). But "the law contemplates that a party must move to protect its interest no later than when it gains some actual knowledge that a measurable risk exists." *Banco Popular de Puerto Rico*, 964 F.2d at 1231. The applicants here simply shed no light on this important issue. They have not, for example, told me that they were unaware that Harvey was proceeding without a lawyer. Instead, they have suggested absolutely no reason for their failure to show interest earlier in the progress of Harvey's lawsuit.[2] The court's case files are public; indeed, since October 1, 2003, they have been available electronically.

Looking therefore at the four factors, I conclude that three have very little effect, but that one, the applicants' knowledge that they should have done something earlier, cuts strongly in favor of denying intervention under both 24(a) and (b). To permit intervention here on this weak showing would allow any individual or organization to sit by idly and watch litigation in which it has an interest, then intervene only if the judgment turns out different from what it had hoped.

Of course, the whole purpose of the applications for intervention in this case is to affect the appeal, not activity in this court, which is over. The First Circuit, therefore, may choose to take a different view of the matter, if asked.

---

1. I am assuming from the nature of the arguments that the legal representation Harvey now has on appeal will disappear if the applications to intervene are denied. That does not necessarily follow. Now that the lawyers have appeared on his behalf, it will be up to the First Circuit to decide whether to allow them to withdraw. Perhaps Harvey will continue to have legal representation on appeal even if the interventions are denied. That would reduce even further any prejudice to the applicants, who focus primarily on Harvey's inability to pursue the matter on his own.

2. This case is therefore unlike *Fiandaca v. Cunningham*, 827 F.2d 825 (1st Cir.1987), where the applicants' interest was created by a new development on the eve of trial, or *United Airlines Inc. v. McDonald*, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977), where "the would-be intervenor found out only after final judgment that the plaintiffs did not plan to appeal the denial of class certification," or *Dimond v. District of Columbia*, 792 F.2d 179 (D.D.C.1986), where "the potential inadequacy of [the existing parties'] representation came into existence only at the appellate stage." *Associated Builders*, 166 F.3d at 1257.

I decline to request a remand to rule on the motions to intervene.

So ORDERED.